**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Parent V.S., on behalf of Student
A.O.,
              *Plaintiff-Appellant,*

              v.

Los Gatos-Saratoga Joint Union
High School District,
              *Defendant-Appellee.*

No. 04-17480

D.C. No.
CV-04-03675-HRL

OPINION

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Argued and Submitted
November 14, 2006—San Francisco, California

Filed May 9, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Jerome Farris and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson;
Dissent by Judge Farris

**COUNSEL**

Valerie J. Mulhollen, San Leandro, California, for the appellant.

Gregory A. Wedner, Lozano Smith, Monterey, California, for the appellee.

**OPINION**

RAWLINSON, Circuit Judge:

This case presents the issue of when one is a prevailing party under the Individuals with Disabilities Education Act

(IDEA), 20 U.S.C. § 1400 *et seq.* (2000). Because the hearing officer determined that student A.O. was deprived of a free and appropriate public education (FAPE), and that A.O. was eligible for special education, A.O. was a prevailing party entitled to an award of attorneys' fees. We reverse the district court's ruling to the contrary and remand for an award of attorneys' fees.

## I.  Background

When A.O. was a student in the Los Gatos-Saratoga Joint Union High School District, her mother filed a petition for a due process hearing pursuant to the IDEA and corresponding provisions of California law. After a due process proceeding, the hearing officer concluded that the school district had denied A.O. her legal right to a FAPE by failing to conduct a timely assessment to determine A.O.'s special education needs and by inappropriately finding A.O. ineligible for special education. However, because the school had started an assessment process during the course of the proceedings, the hearing officer limited his finding of eligibility to the time period of January 24-April 26, 2004 (the latter date being the last day of the hearing). The hearing officer declared A.O. to be the prevailing party to the extent of his ruling.

A.O.'s mother sought attorneys' fees in federal district court on behalf of A.O. pursuant to the IDEA, § 1415(i)(3)(B). The school district moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Essentially, the school district contended, as it does on appeal, that A.O. was not a prevailing party because the hearing officer's decision was insufficient to materially alter the legal relationship between the parties. Alternatively, the school district contended that any alteration of the relationship was *de minimis*. The district court agreed with the school district's position and dismissed the complaint for attorneys' fees without leave to amend.

## II.   Standard of review

Although a district court's denial of attorneys' fees is typically reviewed for abuse of discretion, "any elements of legal analysis and statutory interpretation underlying the district court's attorneys' fees decision are reviewed de novo, and factual findings underlying the district court's decision are reviewed for clear error." *T.N. v. Seattle School District, No. 1*, 458 F.3d 983, 985 (9th Cir. 2006) (citations omitted). As the district court dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the question before this panel is a legal one that should be reviewed *de novo. See San Pedro Hotel Co. Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998). Moreover, the district court determined that A.O. "cannot establish that she obtained any affirmative relief or a judgment that materially altered the legal relationship of the parties." The Eighth Circuit has appropriately described this determination as a test of "unmistakably legal terms" requiring *de novo* review. *Jenkins v. State of Missouri*, 127 F.3d 709, 713-14 (8th Cir. 1997). This precise issue has not been resolved in this Circuit.[1] However, we agree with the reasoning of the Eighth Circuit in *Jenkins*. The question of whether a judgment has materially altered the legal relationship of the parties is a legal one. Essentially, the determination represents part of the "legal analysis and statutory interpretation underlying the district court's attorneys' fees decision," *T.N.*, 458 F.3d at 985, and, as such, the appropriate standard of review is *de novo. See id*.

---

[1]In *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006), we applied the abuse of discretion standard without discussion. *Id.* at 1031, 1034. However, we are not bound by a holding "made casually and without analysis, . . . uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention . . ." *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001); *see also Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1082 (9th Cir. 2006).

### III.  Analysis

**[1]** The district court correctly determined that for A.O. to be entitled to attorneys' fees as a prevailing party under the IDEA, she must demonstrate that the hearing officer's order created "a material alteration of the legal relationship of the parties." *See Shapiro v. Paradise Valley Unified School Dist.*, 374 F.3d 857, 864 (9th Cir. 2004). The district court also properly noted that this means the hearing officer's order must give A.O. the ability to "require[ ] the [school district] to do something [it] otherwise would not have to do." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). Additionally, the district court appropriately recognized that "a plaintiff is not the prevailing party if his or her success is purely technical or de minimis." *Shapiro,* 374 F.3d at 865 (citation omitted).**²** Nevertheless, the district court erred in finding that the hearing officer's eligibility determination did not "require[ ] the [school district] to do something [it] otherwise would not have to do." *Fischer*, 214 F.3d at 1118.

**[2]** As demonstrated by the plain meaning of the statute and its accompanying regulations, an eligibility determination is the most important aspect of the IDEA. It is the lynchpin from which all other rights under the statute flow. *See* 34 C.F.R. § 300.535(b) ("If a determination is made that a child has a disability and needs special education and related services, an IEP [individualized education program] must be developed for the child in accordance with §§ 300.340-300.350."); *see also*, 34 C.F.R. §§ 300.340-300.350 (providing detailed requirements for the development of eligible children's IEPs); 34 C.F.R. § 300.300 (FAPE requirement triggered by being a "child[ ] with a disability.").

---

**²**The district court also correctly noted that the hearing offier's designation of prevailing party status cannot be dispositive in itself, given Cal. Educ. Code § 56507(b)(1)'s directive that attorneys' fees may be awarded only pursuant to agreement by the parties, or by a court of competent jurisdiction.

It is true that the hearing officer purportedly limited his determination of eligibility to a specific time period preceding the issuance of his opinion. As a result of that determination, the district court concluded that there was no prospective relief afforded, and that nothing in the hearing officer's opinion could be judicially enforced. This finding was legally incorrect. The hearing officer only expressed this limitation because the school district was in the process of conducting an assessment. In essence, the school anticipated that the hearing officer would find that A.O. was a student with a disability and was, therefore, already conducting a reassessment to determine if her eligibility was continuing and, if so, what services she would need. Had the school not been engaged in the reassessment process, the hearing officer would not have limited his eligibility finding to a past period. Once the school properly completed the reassessment, it then was required to develop an appropriate IEP or *dis*qualify A.O. if the reassessment demonstrated that she was no longer eligible for special education services. *See* 20 U.S.C. § 1414(c)(5). The reassessment itself constituted an obligation the school would not have had if there had been no finding that A.O. was a student with a disability. An understanding of this nuance is crucial to the outcome of this case.

**[3]** Once the hearing officer deemed A.O. eligible for special education services as a "child with a disability," the school district could not thereafter have determined that she was not so eligible without conducting a reevaluation. *See id.* ("A local educational agency shall evaluate a child with a disability in accordance with this section *before* determining that the child *is no longer* a child with a disability." (emphasis added)).

The hearing officer's statement, therefore, that he was making no determination about future eligibility does not mean that there were no significant aspects of the order that were judicially enforceable, thus altering the legal relationship of the parties. For example, on the date the hearing officer's

decision was issued, because the hearing officer had found that A.O. *was* previously eligible for special education services, she automatically *remained* eligible. *Id.* Accordingly, the school district was required to develop an IEP for her, absent conducting a new evaluation. *Id.*; *see also* 34 C.F.R. § 300.535(b).

**[4]** In other words, prior to the hearing officer's decision, the school district would have been free to discontinue the assessment process it began during the course of the due process hearing, and could have refused to provide special education services to A.O. The hearing officer's eligibility determination fundamentally limited the school district's options. Because A.O. was officially classified as a "child with a disability" as a result of the hearing officer's decision, the school at that point, and prospectively, had only two choices: 1) provide A.O. services in accordance with an appropriately developed IEP, 34 C.F.R. § 300.535(b); or 2) properly complete the assessment in order to find her ineligible. 20 U.S.C. § 1414(c)(5). These actions are ones that, absent the hearing officer's decision, the school district "otherwise would not have to do." *Fischer*, 214 F.3d at 1118. Thus, the district court erred in its determination that the hearing officer's order did not sufficiently alter the nature of the legal relationship between the parties to render A.O. a prevailing party.

**[5]** A.O.'s victory was not *de minimis* or technical. As previously outlined, the eligibility determination is the lynchpin of all rights under the IDEA. In addition, the hearing officer specifically determined that as a result of the school district's failure to find A.O. eligible, she was denied a FAPE. In *Park*, we recognized the importance of that denial:

> Nor are the issues on which Appellant[ ] prevailed merely technical; rather, they go to the very essence of the Individuals with Disabilities Education Act. The determination by the Hearing Officer and the

district court that [the child] was denied a free and appropriate public education . . . — *even setting aside the other issues on which Appellant[ ] prevailed* — is the most significant of successes possible under the Individuals with Disabilities Education Act.

*Park*, 464 F.3d at 1036 (emphasis added).[3]

**[6]** The hearing officer's decision materially altered the legal relationship between the parties in a manner that cannot be considered *de minimis*, rendering A.O. a prevailing party entitled to the award of attorneys' fees. Accordingly, we reverse the judgment of the district court and remand with instructions to calculate and award attorneys' fees.

**REVERSED and REMANDED.**

FARRIS, Circuit Judge, dissenting:

Neither the IEP requirement nor the reevaluation requirement apply in the present case, since the regulation and statute from which they arise are triggered only when it is determined that a child presently has a disability. The hearing officer's decision does not support classifying A.O. as such.

The IEP requirement is found in 34 C.F.R. § 300.306(c)(2) (formerly 34 C.F.R. § 300.535(b)): "[i]f a determination is made that a child has a disability and needs special education

---

[3]This determination alone might well be dispositive. However, in *Park*, the hearing officer ordered that additional goals be added to the IEP, and that compensatory education services be provided to the child's teachers for the child's benefit. 464 F.3d at 1030-31. Nevertheless, given the statement that the determination regarding a denial of FAPE *alone* would be sufficient to confer prevailing party status, *id.* at 1036, *Park* lends strong support to A.O.'s position.

and related services, an IEP must be developed for the child." The hearing officer found "that [A.O.] *was* eligible for special education from January 24, 2004, through April 26, 2004," (emphasis added), and elsewhere stated that he "makes no findings . . . with regard to [A.O.]'s eligibility after April 26, 2004." Since the decision was issued and dated June 1, 2004, there was no point at which Appellant could rely on it to establish that A.O. "*has* a disability" as required to enforce 34 C.F.R. § 300.306(c)(2). The best Appellant could show is that during a specified but foregone period, A.O. *had* a disability.

The requirement that a school district reevaluate eligible children before effecting a change in their eligibility does not change this result. That requirement, found in 20 U.S.C. § 1414(c)(5)(A), mandates that "a local educational agency shall evaluate a child with a disability . . . before determining that the child is no longer a child with a disability." The hearing officer's express limitation on the eligibility finding forecloses the possibility of concluding that A.O. was a "child *with* a disability." His decision supports, at most, the retrospective observation that A.O. was so qualified during a specified period in the past.

The school district had begun its own assessment of A.O.[1] Under other circumstances, a hearing officer's ability to limit an eligibility determination would not likely be disputed. Consider, for example, a parent who files suit seeking compensation for resources expended to educate a temporarily disabled child. The hearing officer's decision that the student was disabled for a period of several months the year prior could not be asserted as finding that the "child *has* a disability" under 34 C.F.R. § 300.306(c)(2). Nor can it constitute a

---

[1] I disagree with the majority's contention that either the hearing officer's reason for limiting his holding — or the school district's anticipation of the eligibility determination — is a nuance the understanding of which is crucial to the case's outcome. Neither impacts the legal effect of the hearing officer's decision.

determination rendering the student a "child *with* a disability" pursuant to 20 U.S.C. § 1414(c)(5)(A). Thus, while the parent might be entitled to an award of damages, the student's school would not incur obligations under either provision. The fact that the expressly limited period of past eligibility here coincidentally bordered the present does not change this analysis.

Although the ordinary effect of the tandem operation of the IDEA's IEP and reevaluation requirements is that prior eligibility findings automatically result in continuing eligibility, this is not the case when the hearing officer explicitly limits his eligibility finding to a discrete period in the past.

*Park, ex rel. Park v. Anaheim Union High School District*, 464 F.3d 1025 (9th Cir. 2006), does not change the analysis. *Park* does state that a determination that a child was denied a free and appropriate public education "is the most significant of successes possible" under the IDEA. *Id.* at 1036. But even if Appellant achieved this "most significant of successes," she nonetheless failed to effect a material alteration of the legal relationship of the parties and is not a prevailing party. I would therefore affirm the district court's proper denial of attorneys' fees.