**NOT FOR PUBLICATION**

JUN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | No. 09-15988 |
| Plaintiff - Appellee, | DC No. 08 CV-0255 SOM D. Hawaii |
| v. | |
| KAREN I., in her capacity as parent and legal guardian of Marcus I., | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellant. | |

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | |
| Plaintiff - Appellee, | No. 09-17608 |
| v. | DC No. 08 CV-0255 SOM D. Hawaii |
| KAREN I., in her capacity as parent and legal guardian of Marcus I., | |
| Defendant - Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 17, 2011
Honolulu, Hawaii
Submission Vacated February 23, 2011
Resubmitted May 16, 2011

Before:     TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Appellant Karen I. challenges the district court's determination that the State of Hawaii's Department of Education ("DOE") was not obligated to pay for her son Marcus I.'s residential placement for the 2006-07 school year. The district court had jurisdiction under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The court reviews de novo the question of whether a school district's proposed individualized education program ("IEP") provides a free appropriate public education ("FAPE"). *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir.1987). De novo review also applies to a district court's ruling that a claim is barred by the doctrine of res judicata, or claim preclusion. *Stewart v. U. S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

We look to Hawaii law to determine whether the state court judgment has preclusive effect on the DOE's subsequent appeal in federal court. *Albano v. Norwest Fin. Hawaii, Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001). "It is settled law in Hawaii that the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." *Quality Sheet Metal Co. v. Woods*, 627 P.2d 1128, 1130 (Haw. Ct. App. 1981). At issue here is whether the claims asserted in both actions are the same. *Albano*, 244 F.3d at 1064.

"To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 795 P.2d 276, 279 (Haw. 1990) (citing Restatement (Second) of Judgments § 24 (1982)). The claim must be viewed "in factual terms . . . coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff . . . ." *Id.* n.6. If the claim now

3

asserted "could have been raised in the earlier state court action," the claims are the same for the purposes of Hawaii res judicata analysis. *See Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996).

Here, Karen I. raised two related issues in separate requests for an impartial due process hearing. The first issue is whether the DOE was required to pay for Marcus' 2006-07 residential placement under the parties' settlement agreement. The second issue is whether the DOE wrongfully refused to put a residential placement in Marcus' 2006-07 IEP. Karen I. argues that the state court decided only the first issue, leaving the second issue for the hearing officer to determine in the first instance. Even if the two issues are distinct, they effectively form the same claim because they arise out of the same transaction or series of connected transactions. Karen I. wanted the DOE to pay for Marcus' residential placement because she believed it was a "necessary component" of his educational program. She had two theories for pressing this point: (1) payment was required under the terms of the settlement agreement, and (2) a residential placement was necessary to provide a FAPE (and thus should have been in the IEP). These theories are different grounds for reaching the same outcome: that the DOE accept financial responsibility for Marcus' 2006-07 residential placement. *See Quality Sheet Metal Co.*, 627 P.2d at 1130 (explaining that res judicata "precludes the relitigation . . . of

4

all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.").

Accordingly, the state court judgment bars the ultimate remedy sought by Karen I. We sympathize with Karen I.'s argument that the state court's orders were unclear. However, the state court ruled as a matter of law that the DOE was not obligated to pay for Marcus' residential placement for the 2006-07 school year. We are bound by that ruling. *See Gov't of Guam v. Cruz (In re Gov't of Guam)*, 869 F.2d 1326, 1327 (9th Cir. 1989) (explaining that res judicata applies "even if the court in the first litigation was wrong in its determinations").[1]

**2.** We review a district court's denial of attorneys' fees for abuse of discretion. *Parent V.S. ex rel. Student A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir. 2007). Where we review "rulings of the district court regarding local practice and local rules, the appropriate standard of review is abuse of discretion." *Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 716 (9th Cir. 1989).

---

[1] Because IEPs must be reevaluated at least annually, the state court's decision does not exert preclusive effect on adjustments to Marcus' IEP in subsequent school years, including determinations whether residential placement is required in order to provide a FAPE. *See Haw. Tel. Co. v. Public Utils. Comm'n*, 827 F.2d 1264, 1274 (9th Cir. 1987) (explaining that income tax claims in successive tax years, or rate claims in successive rate proceedings, are not the same claim for res judicata purposes).

Here, the district court denied Karen I.'s initial motion for attorneys' fees for failure to comply with Local Rule 54.3(b). The district court clearly instructed Karen I. that careful compliance with Local Rule 54.3(b) was necessary. It gave her a second opportunity to bring her motion and file the required statement of consultation. Karen I. did not timely file the statement, and presents no compelling excuse for the failure to comply. Under these circumstances, we conclude that the district court did not abuse its discretion.

The judgment of the district court is

**AFFIRMED.**