
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| T.G., by and through his Guardian Ad Litem, Stella GUTIERREZ,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>BALDWIN PARK UNIFIED SCHOOL DISTRICT, et al.<br><br>          Defendants - Appellees. | No. 10-56154<br><br>D.C. No. 2:09-CV-6555-R-RC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and GWIN, District
Judge.[**]

Appellant T.G. appeals the district court's decision dismissing his

Individuals with Disabilities Act (IDEA) claims on grounds of res judicata,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

collateral estoppel, and failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions.

T.G. is an autistic eighteen-year-old male who receives special education services from the Baldwin Park Unified School District. He weighs 250 pounds, is unpredictably violent, and was diagnosed in 2009 as emotionally disturbed.

During the 2006-2007 and 2007-2008 school years, T.G. was educated at home due to his disabilities. On July 21, 2008, the School District offered T.G. an immediate placement for the 2008-2009 school year at Canyon View, a special-education school for autistic and emotionally disturbed children. When T.G.'s mother refused the placement, the School District filed an administrative complaint requesting a declaration that its proposal constituted a Free Appropriate Public Education ("FAPE").

In January 2009 an Administrative Law Judge ("ALJ") ruled that Canyon View was a FAPE. But the ALJ refrained from declaring that immediate placement was appropriate because the testimony of T.G.'s doctor indicated it would take until June 2009 to gauge the result of a recent medication change. The ALJ instead instructed that the School District may implement its Canyon View offer after June 2009, which coincided with the start of the 2009-2010 school year.

On May 7, 2009—four months after the ALJ's decision—T.G.'s doctor diagnosed T.G. with an emotional disturbance for the first time. When T.G.'s Individualized Education Program ("IEP") team met the following week to discuss the 2009-2010 school year, T.G.'s mother asked that the IEP team be expanded to include a community health representative and that the team consider a residential treatment facility instead of Canyon View. *See* Cal. Code Regs. tit. 2, § 60100 (When IEP team member recommends residential placement for emotionally disturbed student, IEP team must meet with community health services.). The School District refused, and T.G. filed an administrative complaint.

A second ALJ dismissed the complaint, finding that res judicata and collateral estoppel barred the second case and also that it lacked authority to contravene the first ALJ's decision. The second ALJ did not consider an amended complaint that T.G. filed three days before the ALJ issued his opinion.

T.G. appealed the second ALJ's dismissal to the district court, which dismissed part of the complaint based on its application of res judicata and collateral estoppel, and dismissed the rest for failure to exhaust administrative remedies on the claims stemming from the untimely amended complaint. We review de novo a district court's dismissal based on res judicata and collateral estoppel. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). We

3

also review de novo a district court's application of the IDEA's exhaustion requirements, keeping in mind that this exhaustion requirement "is not a rigid one, and is subject to certain exceptions." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302–03 (9th Cir. 1992).

The district court held that because T.G. could have claimed, but did not, that he was emotionally disturbed in the first administrative case, res judicata precluded him from introducing evidence of emotional disturbance in the second case. Res judicata bars the litigation of claims that were or could have been raised in a previous suit between the parties that reached a final judgment on the merits. *Villacres v. ABM Indus., Inc.*, 117 Cal. Rptr. 3d 398, 408–09 (Cal. Ct. App. 2010).

In May 2009—four months after the first ALJ's decision—T.G.'s doctor concluded that, "despite very intense interventions and multiple medication trials, T.G.'s behavior [ ] continued to decline," and only then diagnosed him as emotionally disturbed. *See* 34 C.F.R. § 300.8(c)(4) (child must exhibit characteristics over long period of time to degree that markedly adversely affects child's educational performance). It was only upon this diagnosis that T.G. obtained the right to request residential placement and to have an expanded IEP team consider the request, pursuant to § 60100. T.G. thus could not have asserted this claim in the first case. Res judicata therefore does not bar this claim.

The district court also relied on collateral estoppel, finding that the first ALJ already decided the issue of T.G.'s placement for the 2009-2010 school year. Collateral estoppel precludes the litigation of issues that were part of a prior suit between the parties and that were actually litigated and necessarily decided. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

Only the School District's July 21, 2008 offer for the 2008-2009 school year was before the first ALJ. Neither the School District nor T.G. attempted to prove that Canyon View was an appropriate placement for the 2009-2010 school year, nor did either party seek an order relating to that year. That the ALJ's *remedy* touched on the 2009-2010 school year does not change the fact that the *issue* of T.G.'s placement for the 2009-2010 school year was never "actually litigated." Each school year is a separate issue under the IDEA; whatever is deemed appropriate for one year cannot preclude dispute about the next. *See Dept. of Educ., Hawaii v. Karen I.*, Nos. 09-15988, 09-17608, 2011 WL 2173994, at *2 n.1 (9th Cir. June 3, 2011); *see also* 20 U.S.C. § 1414(d)(1)(A) (describing that an IEP is based on "annual" goals), 1414(d)(2) (an updated IEP must be in place prior to the beginning of each academic year); 34 C.F.R. § 300.323(a) (same); Cal. Educ. Code § 56321 (listing other requirements to be met prior to beginning of each

academic year). Collateral estoppel therefore does not preclude T.G. from litigating his placement going forward.

The district court dismissed the rest of T.G.'s claims because T.G. failed to properly amend his complaint in the second administrative case. *See* Cal. Educ. Code § 56502(e). However, when it is "improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought)," an exception to the exhaustion requirement applies. *Hoeft*, 967 F.2d at 1304. Here, the second ALJ mistakenly believed that he lacked the authority to consider residential treatment for the 2009-2010 school year; thus the district court should have excused T.G. from exhausting his claims at the administrative level.

Accordingly, we reverse the district court order dismissing T.G.'s claims. Upon remand, the district court is instructed to receive the entire administrative record. 20 U.S.C. § 1415(i)(2)(C).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**