NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MORENO,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>LA CURACAO, a California Corporation;<br>et al.,<br><br>            Defendants - Appellees. | No. 10-56593<br><br>D.C. No. 2:10-cv-01492-ODW-FMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted December 5, 2011[**]
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Juan Moreno appeals the district court's grant in part of his motion for a default judgment in his action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, and California's Unruh Civil Rights Act, California Civil Code § 51. Plaintiff, who requires a wheelchair for mobility, alleged that physical barriers impeded his access to Defendant La Curacao Home Furnishings Store in South Gate, California. Plaintiff requested a mandatory injunction requiring Defendant to alter the subject premises so that it would comply with the ADA Accessibility Guidelines.

This Court reviews the district court's decision whether to grant equitable relief under the ADA for an abuse of discretion. *Molski v. Foley Estates Vineyard and Winery, LLC*, 531 F.3d 1043, 1046 (9th Cir. 2008). The Court will not reverse unless the district court "fails to apply the correct law or . . . rests its decision on a clearly erroneous finding of material fact." *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir. 2002) (alteration in original) (quoting *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997)).

In applying Title II standards to this Title III case, the district court "fail[ed] to apply the correct law" in denying the requested injunction. *Bird*, 303 F.3d at 1020. The district court characterized Defendant's retail establishment as a "public entity" and thus relied on Title II standards that govern public, or governmental,

2

entities in denying Plaintiff's application for a mandatory injunction. *See* 28 C.F.R § 35.150 (addressing program accessibility in state and local government services). Defendant's establishment, however, is a "public accommodation" under the ADA and thus governed by Title III. *See* 42 U.S.C. § 12181(7)(E)(considering a "shopping center, or other sales or rental establishment" to be a public accommodation for purposes of Title III).

The district court having determined that certain barriers at Defendant's establishment violated the ADA and that removal of these barriers was "readily achievable," *see* 42 U.S.C. § 12182(b)(2)(A)(iv), Plaintiff was entitled to injunctive relief, which "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Accordingly, the district court erred in denying Plaintiff's request for a mandatory injunction.

We review a district court's award of attorney's fees for an abuse of discretion. *Parent V.S. ex rel. Student A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir. 2007). Plaintiff takes issue with the district court's use of the default fee schedule set forth in Local Rule 55 in awarding Plaintiff attorney's fees. Although Plaintiff considers the $600 attorney fee award to be inadequate, in light of the fact that this action resulted in a default

3

judgment, the district court did not abuse its discretion in awarding attorney's fees under the default fee schedule.

Accordingly, the district court's award of attorney's fees is **affirmed.** The district court's denial of Plaintiff's application for a mandatory injunction is **reversed** and the case is **remanded** to the district court to enter an appropriate order granting Plaintiff's request for a mandatory injunction.