**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

318 CARTONS OF LOVE ROSES AND
MUSTIC VASES,

Defendant,

and

KASSIR CO., INC.,

Claimant - Appellant.

No. 11-56118

D.C. No. 2:10-cv-04921-PA-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and LASNIK, District

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Judge.[**]

Kassir Co., Inc. appeals the district court's denial of its motion for attorney's fees under the Civil Asset Forfeiture Reform Act ("CAFRA"). On appeal, Kassir contends that the district court erred in finding that it did not substantially prevail. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo, V.S. ex rel. A.O. v. Los Gatos-saratoga Joint Union High Sch. Dist., 484 F.3d 1230, 1232-33 (9th Cir. 2007). We reverse.

The Civil Asset Forfeiture Reform Act ("CAFRA") does not define who constitutes a prevailing party, but the Supreme Court has held that to be a prevailing party under a fee awarding statute, a litigant must obtain some court ordered relief on the merits that materially alters the legal relationship of the parties. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-04 (2001). This court has developed a three-part test to determine when a settlement agreement confers prevailing party status on a party. Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir. 2009). We consider "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the party's] claim." Id.

First, there is no doubt that the settlement agreement between Kassir and the

government is judicially enforceable because the district court approved of and retained jurisdiction over the settlement.  See id.

Second, we find that the settlement agreement produced a material change in the relationship between the parties.  Kassir's obligation to pay a portion of the storage costs and export the merchandise does not diminish the fact that the settlement agreement allowed Kassir to require the government to release the property.  See Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) ("[A] settlement agreement meaningfully alters the legal relationship between parties if it allows one party to require the other party to do something it otherwise would not be required to do.") (internal quotation marks omitted).

Third, Kassir received actual relief that vindicated at least one of its primary goals in pursuing this litigation.  This court recently explained that "[t]he threshold for sufficient relief to confer prevailing party status is not high."  Saint John's Organic Farm, 574 F.3d at 1059.  A party need only succeed on a significant issue in the litigation which resulted in a benefit the party sought in pursuing the litigation.  Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 791-92 (1989).  Although Kassir did not achieve the precise relief it sought, Kassir achieved some relief on the merits because it was able to recover the property.  At its core, this litigation was about the government keeping and destroying the alleged drug paraphernalia and on that issue Kassir prevailed.

**REVERSED.**

United States of America v. Kassir Co., No. 11-56118

MURGUIA, Circuit Judge, dissenting:

I disagree with the standard of review applied by the majority. While the Court reviews purely legal questions de novo, *V.S. ex rel. A. O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232–33 (9th Cir. 2007), "whether the party has substantially prevailed [] is a factual determination for the district court to resolve," *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983); *see also Idaho Conservation League, Inc., v. Russell*, 946 F.2d 717, 719 (9th Cir. 1991) (In Clean Water Act context, "[w]hether a party has prevailed or substantially prevailed is a factual question reviewed for clear error."). The district court's conclusion that Kassir was not a prevailing party was not clearly erroneous.

Even if de novo review was appropriate, I would still affirm because Kassir is not a prevailing party. While the "threshold for sufficient relief to confer prevailing party status is not high," Kassir still must show that it "succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009). Prior to this litigation, Kassir had clean title to the merchandise and sought to sell it in the United States.

The United States initiated this forfeiture action to destroy the merchandise, which it alleges is drug paraphernalia. The parties settled and Kassir agreed to relinquish a portion of its previously unencumbered property rights in the merchandise and export the merchandise to a noncontiguous country.

I would hold that the settlement is a victory for the United States, as it obtained an agreement from Kassir to export the merchandise, thus achieving a goal that it sought—keeping alleged drug paraphernalia out of the country. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (holding that a plaintiff who sued a night club for violation of the Americans with Disabilities Act was a prevailing party even though he dismissed the suit and settled after the night club agreed to build an accessible restroom in an adjacent restaurant). That the United States sought the more drastic remedy of forfeiture, but ultimately obtained a lesser remedy does not mean the United States failed to prevail. *Id.*; *Saint John's Organic Farm*, 574 F. 3d at 1059. Kassir cut its losses by settling, but it did not transform those losses into victories.

Accordingly, I respectfully dissent.