*621 MEMORANDUM **
Kassir Co., Inc. appeals the district court’s denial of its motion for attorney’s fees under the Civil Asset Forfeiture Reform Act (“CAFRA”). On appeal, Kassir contends that the district court erred in finding that it did not substantially prevail. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo, V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d 1230, 1232-33 (9th Cir.2007). We reverse.
The Civil Asset Forfeiture Reform Act (“CAFRA”) does not define who constitutes a prevailing party, but the Supreme Court has held that to be a prevailing party under a fee awarding statute, a litigant must obtain some court ordered relief on the merits that materially alters the legal relationship of the parties. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 603-04, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). This court has developed a three-part test to determine when a settlement agreement confers prevailing party status on a party. Saint John’s Organic Farm v. Gem Cnty. Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir.2009). We consider “(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the party’s] claim.” Id.
First, there is no doubt that the settlement agreement between Kassir and the government is judicially enforceable because the district court approved of and retained jurisdiction over the settlement. See id.
Second, we find that the settlement agreement produced a material change in the relationship between the parties. Kas-sir’s obligation to pay a portion of the storage costs and export the merchandise does not diminish the fact that the settlement agreement allowed Kassir to require the government to release the property. See Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir.2008) (“[A] settlement agreement meaningfully alters the legal relationship between parties if it allows one party to require the other party to do something it otherwise would not be required to do.”) (internal quotation marks omitted).
Third, Kassir received actual relief that vindicated at least one of its primary goals in pursuing this litigation. This court recently explained that “[t]he threshold for sufficient relief to confer prevailing party status is not high.” Saint John’s Organic Farm, 574 F.3d at 1059. A party need only succeed on a significant issue in the litigation which resulted in a benefit the party sought in pursuing the litigation. Tex. State Teachers Ass’n v. Garland Indep. School Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). Although Kassir did not achieve the precise relief it sought, Kassir achieved some relief on the merits because it was able to recover the property. At its core, this litigation was about the government keeping and destroying the alleged drug paraphernalia and on that issue Kassir prevailed.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.