MURGUIA, Circuit Judge,
dissenting:
I disagree with the standard of review applied by the majority. While the Court reviews purely legal questions de novo, V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d *622 1230, 1232-33 (9th Cir.2007), “whether the party has substantially prevailed [] is a factual determination for the district court to resolve,” Church of Scientology of Cal. v. U.S. Postal Serv., 700 F.2d 486, 489 (9th Cir.1983); see also Idaho Conservation League, Inc. v. Russell, 946 F.2d 717, 719 (9th Cir.1991) (In Clean Water Act context, “[w]hether a party has prevailed or substantially prevailed is a factual question reviewed for clear error.”)- The district court’s conclusion that Kassir was not a prevailing party was not clearly erroneous.
Even if de novo review was appropriate, I would still affirm because Kassir is not a prevailing party. While the “threshold for sufficient relief to confer prevailing party status is not high,” Kassir still must show that it “succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit.” Saint John’s Organic Farm v. Gem Cnty. Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir.2009). Prior to this litigation, Kassir had clean title to the merchandise and sought to sell it in the United States. The United States initiated this forfeiture action to destroy the merchandise, which it alleges is drug paraphernalia. The parties settled and Kassir agreed to relinquish a portion of its previously unencumbered property rights in the merchandise and export the merchandise to a noncontiguous country.
I would hold that the settlement is a victory for the United States, as it obtained an agreement from Kassir to export the merchandise, thus achieving a goal that it sought — keeping alleged drug paraphernalia out of the country. See Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir.2008) (holding that a plaintiff who sued a night club for violation of the Americans with Disabilities Act was a prevailing party even though he dismissed the suit and settled after the night club agreed to build an accessible restroom in an adjacent restaurant). That the United States sought the more drastic remedy of forfeiture, but ultimately obtained a lesser remedy does not mean the United States failed to prevail. Id.; Saint John’s Organic Farm, 574 F.3d at 1059. Kassir cut its losses by settling, but it did not transform those losses into victories.
Accordingly, I respectfully dissent.