**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOBY DOUGLAS, in his official capacity, as Director of the California Department of Health Care Services, | No. 15-15261 |
| Petitioner - Appellee, | D.C. No. 5:13-cv-05306-RMW |
| v. | MEMORANDUM* |
| CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, Director, | |
| Respondent, | |
| V. | |
| PARENTS ON BEHALF OF STUDENT J.C., by and through his Guardians ad Litem, C.C. and R.C., and C.C. and R.C., individually, | |
| Real-party-in-interest - Appellant., | |
| And | |
| CUPERTINO UNION SCHOOL DISTRICT; SANTA CLARA COUNTY | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

The parents of J.C., a child with a disability who receives occupational therapy services as part of his individualized education program ("IEP"), appeal the district court's order granting the California Department of Health Care Services's petition for writ of ordinary and administrative mandamus and declaratory relief. The district court also dismissed the parents' counterclaims and denied their motions for attorney's fees and for a stay put order. Reviewing this question of statutory interpretation de novo, *Beeman v. TDI Managed Care Servs., Inc.*, 449 F.3d 1035, 1038 (9th Cir. 2006), we reverse.

**1.** Cal. Gov't Code § 7575(a) provides that California Children's Services ("CCS") "shall be responsible for the provision of medically necessary occupational therapy . . . by reason of medical diagnosis and when contained in the child's individualized education program." By comparison, qualified personnel

from local education agencies are to provide related services that are not deemed to be medically necessary by the Department of Health Care Services, but that the child's IEP team "determines are necessary in order to assist a child to benefit from special education." *Id.* § 7575(a)(2). The Department of Health Care Services "shall determine whether a [CCS] eligible pupil, or a pupil with a private medical referral[,] needs medically necessary occupational therapy." *Id.* § 7575(b).

While it is clear that CCS is to determine in the first instance whether a child with a disability needs medically necessary occupation therapy, what is less clear is whether parents who disagree with CCS's determination can seek review of that decision in a due process hearing under California's implementation of the Individuals with Disabilities Education Act ("IDEA"). The Department of Health Care Services argues that, because § 7575 allows only CCS to determine what level of therapy is medically necessary, review of that decision is likewise the prerogative of CCS, and an Administrative Law Judge ("ALJ") presiding over a due process hearing lacks jurisdiction to review the question. CCS has its own appeal procedure by which a parent can choose a doctor (among three selected by CCS) to review CCS's initial medical necessity determination. *See* Cal. Code Regs. tit. 22, § 42140.

While the Department of Health Care Services's view is a reasonable one, we are not ultimately persuaded by it. Several provisions of California law lead us to conclude that a parent may initiate a due process hearing to seek review of CCS's determination of medical necessity in a child's IEP. Cal. Gov't Code § 7572(c)(3) provides that disputes over occupational therapy recommendations by medical personnel and the IEP team are to be resolved in due process hearings. And Cal. Gov't Code § 7585 provides that parents may request a due process hearing to review a department's failure to provide a related service required pursuant to § 7575 and specified in the child's IEP. CCS is not therefore beyond the jurisdiction of an ALJ.

We are also persuaded that occupational therapy services in a child's IEP—whether medically or educationally necessary—are "related services" over which an ALJ has jurisdiction in a due process hearing. Cal. Gov't Code § 7586(a) provides that all state departments are governed by the IDEA's procedural safeguards and that disputes over "related services" are to be resolved in due process hearings. A "related service" is defined to include occupational therapy "as may be required to assist an individual with exceptional needs to benefit from special education." Cal. Educ. Code § 56363(a); *accord* 20 U.S.C. § 1401(26)(A). Occupational therapy services deemed to be medically necessary by CCS are

4

necessary "to assist an individual with exceptional needs to benefit from special education," *id.*, when they form part of the child's IEP.  The purpose of an IEP is to set out measurable academic goals to meet the child's educational needs and for the child to make educational progress.  20 U.S.C. § 1414(d)(1)(A).  If medically necessary occupational therapy services were not also necessary for a child to benefit from special education, they would need not be included in the child's IEP.  Therefore, occupational therapy services, even those that CCS deems to be medically necessary, constitute a "related service" when they form part of a child's IEP, and they are subject to due process hearing review under Cal. Gov't Code § 7586.

We also doubt that the California Legislature intended for the Department of Health Care Services to insulate itself from review in these cases by implementing its own appeal process to the exclusion of an ALJ's jurisdiction.  Moreover, while ALJs are not usually medically trained, they are triers of fact capable of weighing evidence and reaching factual conclusions.  *See A.I. ex rel. Iapalucci v. District of Colmbia*, 402 F. Supp. 2d 152, 170 (D.D.C. 2005).

Because the medically necessary occupational therapy services in J.C.'s IEP were necessary for him to benefit from special education, the ALJ also had authority to order compensatory therapy.  *See R.P. ex rel. C.P. v. Prescott Unified*

5

*Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011).  For the same reason, the ALJ had authority to order reimbursement for the independent assessments obtained by J.C.'s parents.  *See* Cal. Gov't Code § 7572(c); Cal. Educ. Code § 56329(b).

**2.**     J.C.'s parents were also entitled to a stay put order.  The "stay put" provision of the IDEA provides that, during the pendency of due process proceedings, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child."  20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518(a).  If "a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents" for purposes of the stay put provision.  34 C.F.R. § 300.518(d); *see also Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370 (1985); *Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings*, 903 F.2d 635, 641 (9th Cir. 1990).  Here, the ALJ's determination that J.C. was entitled to more occupational therapy services constitutes an agreement between the State and the parents and is subject to a stay put order.  The parents' stay put motion was directed at the proper party because the Department of Health Care Services, through CCS, was responsible for providing the increased services under the ALJ's order.

**3.**     Because we agree with J.C.'s parents that the ALJ's order must be enforced, we hold that they are entitled to attorney's fees under the IDEA. J.C.'s parents sought to enforce the ALJ's order, and they have therefore prevailed on a significant issue that achieves some of the benefit they sought in bringing this suit. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I); *Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1064-65 (9th Cir. 2015). We therefore remand for the district court to calculate and award attorney's fees. *See V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1234–35 (9th Cir. 2007).

Finally, we acknowledge that this case presents a complex, challenging issue of first impression under California law. A case presenting a similar issue is currently pending before the California Court of Appeal. *See Cal. Dep't of Health Care Servs. v. Director, Cal. Office of Admin. Hearings ("Tuolumne")*, No. F071023. Ordinarily, we might consider deferring submission or certifying the question to the California Supreme Court. However, we decide the case in the interest of judicial expediency and J.C.'s need for resolution.

**REVERSED and REMANDED.**