NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PERATON GOVERNMENT
COMMUNICATIONS, INC.,

Petitioner-Appellee,

v.

HAWAII PACIFIC TELEPORT LP,

Respondent-Appellant.

No. 21-15395

D.C. No.
1:20-cv-00287-JMS-WRP

MEMORANDUM*

PERATON GOVERNMENT
COMMUNICATIONS, INC.,

Petitioner-Appellant,

v.

HAWAII PACIFIC TELEPORT LP,

Respondent-Appellee.

No. 21-15607

D.C. No.
1:20-cv-00287-JMS-WRP

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Argued and Submitted March 11, 2022
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Hawaii Pacific Teleport LP (HPT) appeals from, and Peraton Government Communications, Inc. (Peraton) cross-appeals from, the district court's order granting Peraton's petition to confirm an arbitration award. On appeal, HPT argues that the district court did not have jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy requirement for diversity jurisdiction was not met and, even if jurisdiction existed, the district court should have vacated the arbitration award and the award of Peraton's attorneys' fees. On cross-appeal, Peraton argues that the district court erred in denying Peraton's attorneys' fees in connection with the confirmation action. We have appellate jurisdiction under 28 U.S.C. § 1291. For the following reasons, we affirm the district court's grant of Peraton's petition to confirm the arbitration award and affirm the district court's denial of Peraton's request for attorneys' fees and costs in connection with the confirmation proceeding.

At the outset, the amount in controversy was sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1). We review subject-matter jurisdiction de novo. *See Bishop Paiute Tribe v. Inyo County.*, 863 F.3d 1144, 1151 (9th Cir. 2017). "It is well-established that even when a petition is brought under the Federal Arbitration Act (FAA), a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal

2

jurisdiction." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004). The only potential independent basis for federal jurisdiction available here is diversity jurisdiction.

HPT argues that the amount in controversy requirement is not met here because the arbitrator's award of Peraton's attorneys' fees and costs are "costs" that must be excluded from the amount in controversy calculation. *See* 28 U.S.C. § 1332(a) ("… exclusive of interest and costs"). HPT's argument fails. We have previously held "that the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In *Theis*, we held that the amount in controversy was "the amount [Plaintiff] sought to recover by its complaint," not "the zero dollar arbitration award [Plaintiff] sought to vacate." *Id.* at 664. Here, the amount at stake in the underlying litigation is at least approximately $1.5 million, the amount that Peraton sought to confirm in the district court. Thus, the amount in controversy was sufficient to establish diversity jurisdiction.

Next, the arbitration award and the award of Peraton's attorneys' fees should not be vacated. HPT argues that the district court should have vacated the arbitration award and the award of Peraton's attorneys' fees because (1) the award was completely irrational and in manifest disregard of the law, (2) the arbitrator's

nondisclosure with respect to Peraton's expert supports a finding of evident partiality, (3) the arbitrator failed to allow HPT to develop and present evidence, (4) the award of Peraton's attorneys' fees was against public policy, and (5) the award of Peraton's attorneys' fees was contrary to the arbitrator's interpretation of the limitation of liability provision. "[W]e review de novo the decision to vacate or confirm an arbitration award." *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). Review of an arbitration award itself is "both limited and highly deferential." *Id.* For the following reasons, each of HPT's arguments fails.

First, the arbitration award should not be vacated for being completely irrational or in manifest disregard of the law.

> "An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement. An arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions. Under this standard of review, we decide only whether the [arbitrator's] decision draws its essence from the contract, not the rightness or wrongness of the arbitrator's contract interpretation."

*Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (internal citations and quotation marks omitted). "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012). "To vacate an arbitration award

4

on this ground, [i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* (internal quotation marks omitted).

Here, the arbitration award was not completely irrational, and the arbitrator did not exhibit a manifest disregard of the law. The arbitration award was not "completely irrational" because it did not fail to "draw its essence from the agreement." *See Aspic*, 913 F.3d at 1166. Rather, the arbitrator determined that the limitation of liability set forth in Section 14.3 of the Carrier Services Agreement (CSA) barred HPT's damages claims in their entirety. The arbitrator reached this decision after considering the contract as a whole, the applicable law, and the totality of the record submitted. The arbitrator did not exhibit a "manifest disregard of the law" because it is not clear from the record that the arbitrator "recognized the applicable law and then ignored it." *See Biller*, 668 F.3d at 665. Rather, the arbitrator recognized numerous rules of contract construction that could be used in determining the meaning of ambiguous contract language, and then applied those principles when reaching his decision. Thus, the arbitration award does not need to be vacated for being completely irrational or for exhibiting a manifest disregard of the law.

Second, the arbitration award should not be vacated because the arbitrator's nondisclosure with respect to Peraton's expert does not support a finding of evident partiality. HPT argues that the arbitration award must be vacated because

5

the arbitrator failed to disclose that both he and Peraton's expert are listed on the same American Arbitration Association's Aerospace, Aviation, and National Security (AAA-AANS) panel of neutrals, which allegedly resulted in evident partiality. "To show evident partiality in an arbitrator, [a party] either must establish specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates [a] reasonable impression of bias." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645–46 (9th Cir. 2010) (internal quotation marks omitted).

Here, HPT waived its "evident partiality" claim because HPT had at least constructive notice that both the arbitrator and Peraton's expert were members of the AAA-AANS panel during the arbitration, but HPT failed to object to the arbitrator's appointment. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004) (holding that "a party with constructive knowledge of potential partiality of an arbitrator waives its right to challenge an arbitration award based on evident partiality if it fails to object to the arbitrator's appointment or his failure to make disclosures until after an award is issued").

Even if HPT did not waive its evident partiality challenge, the evidence that HPT offers in this case fails to meet the standard needed to vacate an arbitration award for evident partiality. The evidence offered by HPT that the arbitrator and Peraton's expert were both on the same AAA-AANS panel, with no evidence that

6

the arbitrator knew Peraton's expert or any other arbitrators on that panel, does not indicate that the arbitrator was actually biased toward Peraton or create a reasonable impression of bias. Thus, the arbitration award does not need to be vacated for evident partiality.

Third, the arbitration award should not be vacated because the arbitrator failed to allow HPT to develop and present certain evidence. HPT argues that the arbitration award should be vacated under 9 U.S.C. § 10(a)(3) because the arbitrator did not allow HPT to conduct certain discovery. "Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) (internal quotation marks omitted). "[W]hen interpreting and applying the FAA, we are mindful not to impose the federal courts' procedural and evidentiary requirements on the arbitration proceeding; rather, our responsibility is to ensure that the FAA's due process protections were afforded." *Id.* at 1173.

Here, the arbitrator authorized discovery, but denied HPT leave to depose designated representatives of Peraton, holding that HPT "did not demonstrate good cause for the requested order granting leave to take the depositions," and sustained Peraton's objections to the production of certain documents. This evidence shows that the arbitrator exercised his "wide discretion to require the exchange of

7

evidence, and to admit or exclude evidence," not that the arbitrator engaged in any misconduct. *See id.* at 1175. Thus, the award should not be vacated because the arbitrator failed to allow HPT to develop and present certain evidence.

Fourth, the award of Peraton's attorneys' fees should not be vacated for being against public policy. HPT argues that the award of Peraton's attorneys' fees was against public policy because Peraton's *pro hac vice* counsel failed to pay the required Hawaii state bar fees, and thereby engaged in the unauthorized practice of law.

Here, HPT did not argue before the arbitrator that *pro hac vice* issues precluded fee-shifting, so HPT waived this argument on appeal. *See Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 673 (9th Cir. 1998) ("[I]t is well settled that a party may not sit idle through an arbitration proceeding and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse.").

Even if HPT did not waive this argument, the argument fails. "To vacate an arbitration award on public policy grounds, we must (1) find that an explicit, well defined and dominant public policy exists … and (2) that the policy is one that specifically militates against the relief ordered by the arbitrator." *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1111 (9th Cir. 2012) (internal quotation marks omitted). Here, HPT has not shown that Peraton's

8

failure to pay the Hawaii bar dues for the arbitration proceeding violated "an explicit, well defined and dominant public policy" that "specifically militates against" awarding attorneys' fees because it is not clear whether Peraton's attorneys had to be admitted *pro hac vice* in the state of Hawaii to participate in the arbitration or whether failing to be admitted *pro hac vice* necessarily precludes an award of attorneys' fees. *Id.* Thus, the award of Peraton's attorneys' fees should not be vacated for being against public policy.

Fifth, the award of Peraton's attorneys' fees should not be vacated for being contrary to the arbitrator's interpretation of the limitation of liability provision. HPT argues that the district court should have vacated the award of Peraton's attorneys' fees because the arbitrator's ruling that Section 14.3 of the CSA bars recovery for any type of damages necessarily also bars Peraton from recovering an award of attorneys' fees and costs from HPT.

HPT's argument fails because the arbitrator's award of attorneys' fees is not inconsistent with his reading of the Section 14.3 limitation of liability clause. The "reasonable costs and expenses (including all reasonable attorney's fees and disbursements)" of an arbitration proceeding described in Section 16.3 are not "loss of profit or revenue" or "damages" that are barred from recovery by the Section 14.3 limitation of liability provision. Thus, the award of Peraton's attorneys' fees was not contrary to the arbitrator's interpretation of the limitation of

liability provision.

Therefore, because each of HPT's arguments for vacating the arbitration award and the award of Peraton's attorneys' fees fails, we affirm the district court's grant of Peraton's petition to confirm the arbitration award.

Lastly, with respect to Peraton's cross-appeal, we affirm the district court's denial of Peraton's request for attorneys' fees and costs in connection with the confirmation proceeding. "Although a district court's denial of attorneys' fees is typically reviewed for abuse of discretion, any elements of legal analysis and statutory interpretation underlying the district court's attorneys' fees decision are reviewed de novo, and factual findings underlying the district court's decision are reviewed for clear error." *V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir. 2007) (internal quotation marks omitted).

The district court denied Peraton's request for attorneys' fees and costs in connection with the confirmation proceeding because the court held that the term "of such arbitration proceeding" did not include any court action seeking to confirm or vacate an arbitration award. Because the district court's denial of attorneys' fees involved legal analysis and contract interpretation, we review those elements of analysis and interpretation de novo. *Id.* at 1232.

Under the American rule, the default is that each party in federal litigation

10

pays its own attorneys' fees, absent statutory authorization or contractual agreement to the contrary. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263–64 (1975). The FAA contains no such statutory authorization. *See* 9 U.S.C. § 1 *et seq.* The parties agreed that the CSA would be governed, enforced, and construed under New York law. New York courts will not waive "the well-understood rule that parties are responsible for their own attorney's fees" unless a party's intention to waive the rule is "unmistakably clear." *Hooper Assocs. v. AGS Computers*, 74 N.Y.2d 487, 492 (1989).

Here, Section 16.3 of the CSA does not manifest an "unmistakably clear" intention to waive the rule that the parties are responsible for their own attorneys' fees for the confirmation proceeding. *See id.* Section 16.3 of the CSA provides that "a prevailing Party shall be entitled to recover all reasonable costs and expenses (including all reasonable attorney's fees and disbursements) *of such arbitration proceeding*, as well as all cost for said proceeding." We hold that the Section 16.3 fee-shifting provision applies only to the underlying arbitration proceeding, and not the subsequent confirmation proceeding at the district court. We thus affirm the district court's denial of Peraton's request for attorneys' fees and costs for the confirmation proceeding.

We affirm the district court's grant of Peraton's petition to confirm the arbitration award and affirm the district court's denial of Peraton's request for

11

attorneys' fees and costs in connection with the confirmation proceeding.

**AFFIRMED.**