**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

P.N., parent of T.N., a minor,
   *Plaintiff-Appellant,*

  v.

SEATTLE SCHOOL DISTRICT, No. 1,
   *Defendant-Appellee.*

No. 04-36141

D.C. No.
CV-04-00258-JCC

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Chief Judge, Presiding

Argued and Submitted
June 9, 2006—Seattle, Washington

Filed August 15, 2006
Amended January 29, 2007

Before: David R. Thompson, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

1043

**COUNSEL**

Charlotte Cassady, Seattle, Washington, for the plaintiff-appellant.

Lawrence B. Ransom and Tracy M. Miller, Karr Tuttle Campbell, Seattle Washington, for the defendant-appellee.

**ORDER**

Our opinion filed August 15, 2006, is amended to include the following at the end of footnote 7.

> We further note that 20 U.S.C. § 1415 was amended subsequent to the underlying events in this case. We have no occasion to consider whether these amendments alter the statutory requirements for an award of attorneys' fees under the IDEA.

With the filing of the amended opinion, Judges Thompson, Tashima, and Callahan vote to deny the petition for rehearing, and the petition for rehearing is denied.

The full court has been advised of the suggestion for rehearing en banc, and no judge has requested a vote on rehearing en banc, the petition for rehearing en banc is denied. Fed. R. App. P. 35.

No further petition for rehearing will be entertained.

---

## OPINION

CALLAHAN, Circuit Judge:

P.N., plaintiff-appellant, filed an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, to recover attorneys' fees incurred in resolving a conflict with the Seattle School District ("SSD") over her child's education. The conflict was resolved by a settlement agreement signed only by the parties. The district court held that P.N. was not a prevailing party, and thus, not entitled to attorneys' fees under the IDEA because the settlement agreement lacked any judicial *imprimatur*. We affirm. We hold, consistent with our own precedent and decisions by our sister circuits, that (a) the definition of "prevailing party" set forth by the Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001), applies to the IDEA's attorneys' fees provision, (b) the determination that a parent is a prevailing party requires that there be some judicial sanction of the settlement agreement, and (c) there is no judicial *imprimatur* of the settlement agreement in this case.

### I

The IDEA seeks "to ensure that all children with disabilities have available to them a free appropriate public education

that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To implement the IDEA, schools must prepare a written Individualized Education Program ("IEP") for each disabled child. 20 U.S.C. § 1414(d); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993). "[T]he IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable each child to meet these objectives." *Honig v. Doe*, 484 U.S. 305, 311 (1988). The statute guarantees parents of disabled children an opportunity to participate in the identification, evaluation, and placement process. 20 U.S.C. §§ 1414(d)(1)(B)(i), 1415(b)(1). Parents who object to their child's "identification, evaluation, or educational placement," or have a complaint regarding the provision of a free appropriate public education for their child, can file an administrative complaint and are entitled to an impartial due process hearing. *Id.* §§ 1415(b)(6), (f)(1); *Ojai*, 4 F.3d at 1469. At the due process hearing, parents have a right to be accompanied and advised by counsel, present evidence, and confront, cross-examine, and compel the attendance of witnesses. 20 U.S.C. § 1414(h). Parents aggrieved by a hearing officer's findings and decision can file a civil action in either federal or state court. *Id.* § 1415(i)(2); *Ojai*, 4 F.3d at 1469.

The IDEA also provides that the parents of a child with a disability who is the "prevailing party" may be awarded reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). Here, we are called upon to determine the legal definition of "prevailing party" as used in 20 U.S.C. § 1415(i)(3)(B), and whether P.N. meets this legal definition.

II

For many years, P.N.'s child, T.N., experienced difficulty in school, and P.N. repeatedly asked the SSD to evaluate T.N.

for learning disabilities and to provide appropriate special education. When SSD failed to do so, P.N. obtained a psychological evaluation and enrolled T.N. in a private school. In March 2003, P.N. hired an attorney to represent her in attempting to obtain special education for T.N. from SSD and reimbursement for the costs of psychological evaluation and private schooling.

Over the next seven months P.N. and her attorney corresponded and met with SSD personnel. By the end of September 2003, SSD had agreed to fund T.N.'s placement in the private school for the summer of 2003 and for the 2003-2004 school year on a part-time basis, but had not agreed to reimburse P.N. for the expenses associated with T.N.'s private evaluation and his enrollment in the private school from March through June 2004.

In November 2003, P.N., through counsel, requested a due process hearing under the IDEA. In early January 2004, the parties entered into a settlement agreement whereby SSD agreed to reimburse P.N. for the costs associated with T.N.'s psychological evaluation and attendance at the private school. The settlement agreement expressly reserved "any issue of attorneys' fees and costs." On January 23, 2004, the administrative law judge, at P.N.'s request, dismissed the due process hearing proceeding.

On February 4, 2004, P.N. filed in this action for the recovery of attorneys' fees and costs under the IDEA. She sought $13,653.00 in attorneys' fees incurred in the due process proceedings and attorneys' fees and costs incurred in the federal action to recover fees. In October 2004, the district court denied P.N.'s summary judgment motion for attorneys' fees and subsequently dismissed P.N.'s claims with prejudice. P.N. filed a timely notice of appeal.

### III

Although we review a district court's denial of attorneys' fees and costs for an abuse of discretion, any elements of legal

analysis and statutory interpretation underlying the district court's attorneys' fees decision are reviewed de novo, and factual findings underlying the district court's decision are reviewed for clear error. *Carbonell v. I.N.S.*, 429 F.3d 894, 897 (9th Cir. 2005); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2003).

IV

A. *P.N., as an alleged prevailing party, was entitled to file an action for attorneys' fees under the IDEA*

[1] P.N.'s complaint specifically sought only attorneys' fees and costs under the IDEA.[1] Although it was revised in 2004, 20 U.S.C. § 1415(i)(3)(B) continues to provide that the court may, in its discretion, award reasonable attorneys' fees as part of costs to a prevailing party who is a parent of a child with a disability.[2]

---

[1] 20 U.S.C. § 1415(i)(2)(A) provides:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

[2] In February 2004, when P.N. filed her action, 20 U.S.C. § 1415(i)(3)(B) provided that:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

The statute was revised in 2004. Pub. L. 91-230, Title VI, § 615, as added Pub. L. 108-446, Title I, § 101, Dec. 3, 2004, 118 Stat. 2715. Section 1415(i)(3) now reads, in relevant part:

**[2]** We have held that the phrase "action or proceeding brought under this section" in 20 U.S.C. § 1415(i)(3)(B) authorizes the filing of a complaint by a prevailing party seeking only attorneys' fees and costs. In *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1025 (9th Cir. 2000), parents of an autistic son complained to the school district that their son was not receiving the special education benefits to which he was entitled under the IDEA. *Id.* After the parents filed a complaint with the state Department of Education pursuant to the state's Complaint Review Procedure, the parents prevailed upon the school district to complete a revised IEP for their son. The parents then filed an action in a district court seeking to recover attorneys' fees. *Id.* The district court granted the parents' request for attorneys' fees and the school district appealed. *Id.* On appeal we addressed whether 20 U.S.C. § 1415(i)(3)(B) authorized an action solely for attorneys' fees, and concluded:

> Although we have not expressly so held before today, our prior cases imply that the district court has jurisdiction over a case in which fees are sought although liability is established outside the district court proceeding itself. *See Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell,* 940 F.2d 1280,

(A)   In general

The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.

(B)   Award of attorneys' fees

(i)   In general

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs —

(I)   to a prevailing party who is the parent of a child with a disability; . . . .

1285 (9th Cir. 1991) (allowing "the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing"); *McSomebodies v. Burlingame Elementary Sch. Dist.,* 897 F.2d 974 (9th Cir.1989) (awarding the parents of a disabled child attorney fees incurred in an administrative due process hearing under the Handicapped Children's Protection Act [the predecessor of the IDEA]).

*Id.* at 1026. Accordingly, we hold that the IDEA authorizes an action solely to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA. *See Barlow-Gresham*, 940 F.2d at 1285 ("We . . . conclude that [the predecessor of § 1415(i)(3)(B)] allows the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing."). We turn next to defining "prevailing party."

B.   *The Supreme Court has defined "prevailing party" to require a judicial imprimatur of the material alteration of the parties' legal relationship*

**[3]** The critical question is whether P.N. is a "prevailing party" and thus eligible for an award of attorneys' fees as part of costs under the IDEA. The term was addressed by the Supreme Court in *Buckhannon.* 532 U.S. at 600. There, the plaintiffs challenged a West Virginia law requiring all residents of residential board and care homes to be capable of moving themselves away from imminent danger, such as a fire. *Id.* at 600-01. The plaintiffs sought declaratory and injunctive relief under the Fair Housing Amendments Act ("FHAA") and the Americans with Disabilities Act ("ADA"). *Id.* While the case was pending, the West Virginia state legislature eliminated the self-preservation requirement, thus rendering plaintiffs' action moot. *Id.* at 601. Plaintiffs,

nonetheless, sought attorneys' fees as the "prevailing party" under the FHAA and the ADA. They argued that they "were entitled to attorney's fees under the 'catalyst theory,' which posited that a plaintiff was a 'prevailing party' if he or she achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id*. Although most of the circuits had recognized the "catalyst theory," the Fourth Circuit rejected it. The Supreme Court granted certiorari and affirmed the Fourth Circuit. *Id*. at 602.

The Court's opinion commenced by noting that under the American Rule, parties are ordinarily required to bear their own attorneys' fees, but that Congress has authorized the award of attorneys' fees to prevailing parties under numerous statutes. *Id.* Referring to Black's Law Dictionary, the Court commented that a "prevailing party" is "one who has been awarded some relief by the court" and that this view "can be distilled from our prior cases." *Id*. at 603.

The Court recognized that in addition to judgments on the merits, "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Id*. at 604. This is because although a consent decree does not always include an admission of liability, it nonetheless is a court-ordered change in the legal relationship between the parties. *Id*. The Court observed that several of its prior decisions "establish that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."[3] *Id*. (quoting *Tex. State Teachers*

---

[3]The Court further commented:

> We have subsequently characterized the *Maher* [*v. Gegne*, 448 U.S. 122 (1980)] opinion as also allowing for an award of attorney's fees for private settlements. See *Farrar v. Hobby,* [506 U.S. 103,] at 111, . . . [1992]; *Hewitt v. Helms*, [482 U.S. 755,] at 760, . . . [1987]. But this dictum ignores that *Maher* only "held that fees *may* be assessed . . . after a case has been settled by the

*Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

**[4]** The Court held that the "catalyst theory" was too broad because it "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. It reasoned that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* The Court reinforced the need for a judicial *imprimatur* by noting:

> We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, see, *e.g., Farrar, supra,* at 112, . . . or obtained a court-ordered consent decree, *Maher, supra,* at 129-130, . . . — we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, see *Hanrahan,* 446 U.S. [754,] at 759, . . . [1980], or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "*judicial* relief," *Hewitt, supra,* at 760, . . . (emphasis added). Never have we awarded attorney's fees for a nonjudicial "alteration of actual circumstances." Post, at 1856 (dissenting opinion). . . . We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but

entry of a consent decree." *Evans v. Jeff D.*, 475 U.S. 717, 720, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

532 U.S. at 604.

nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining any judicial relief. Post, at 1856 (internal quotation marks and citation omitted).

*Id*. at 605-06.

The Court was not impressed with the argument that legislative history supported a broad reading of "prevailing party." *Id*. at 607. It doubted "that legislative history could overcome what we think is the rather clear meaning of 'prevailing party' — the term actually used in the statute." *Id*. Indeed, the Court observed that the legislative history cited by petitioners was "at best ambiguous," and that in view of the American Rule, attorney's fees would not be awarded absent "explicit statutory authority." *Id*. The opinion concluded with the Court reiterating that a "request for attorneys' fees should not result in a second major litigation," and noting that it had "avoided an interpretation of the fee-shifting statutes that would have spawn[ed] a second litigation of significant dimension." *Id.* at 609 (internal quotation marks and citations omitted).

### C. We have adopted Buckhannon*'s definition of "prevailing party" for IDEA cases*

Any questions as to whether we would apply *Buckhannon*'s definition of "prevailing party" to actions brought under the IDEA have been dispelled by our decisions in *Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 865 (9th Cir. 2004), and *Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005).

**[5]** In *Shapiro*, plaintiffs filed an action in a district court under the IDEA. The district court eventually granted plaintiffs some of the attorneys' fees they requested, and plaintiffs appealed. 374 F.3d at 861. In affirming the district court's award of attorneys' fees, we followed a "consistent line of

precedent from our own and other circuits" and concluded that "*Buckhannon*'s definition of 'prevailing party' applies to the IDEA's attorneys' fees provision. 20 U.S.C. § 1415(i)(3)(B)." *Id.* at 865. We held that "[e]ssentially, in order to be considered a prevailing party after *Buckhannon,* a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but *that change must also be judicially sanctioned*." *Shapiro*, 374 F.3d at 865 (quoting *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir.2003))(internal quotation marks omitted, emphasis added). Our determination that *Buckhannon*'s definition of "prevailing party" applies to the attorneys' fees provision of the IDEA is in accord with decisions of other circuit courts.[4]

P.N. attempts to distinguish *Shapiro* by noting that in *Barrios,* 277 F.3d at 1134, we commented that a plaintiff who had entered into a private settlement was a prevailing party in his action under the ADA. P.N. points out that in *Barrios* we characterized as dictum the judicial sanction component of *Buckhannon*'s definition of prevailing party.[5] This character-

---

[4]*See Doe v. Boston Pub. Sch.*, 358 F.3d 20, 30 (1st Cir. 2004) (holding that *Buckhannon* applies to the IDEA and that IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of a judicial *imprimatur*, be considered "prevailing parties"); *J.C. v. Reg'l Sch. Dist. 10 v. Rivero*, 278 F.3d 119, 125 (2d Cir. 2002) (holding that *Buckhannon* governs plaintiff's claims pursuant to the IDEA); *John T. v. Del. County Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) (holding that *Buckhannon* applies to the IDEA's fee-shifting provision); *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 478 (7th Cir. 2003) (holding that *Buckhannon* is applicable to the IDEA); and *Alegria v. Dist. of Columbia*, 391 F.3d 262, 263 (D.C. Cir. 2004) (holding *Buckhannon* applies to the IDEA's fee-shifting provisions).

[5]In a footnote, after observing that following *Buckhannon* we had rejected the catalyst theory, we wrote:

> While dictum in *Buckhannon* suggests that a plaintiff "prevails" only when he or she receives a favorable judgment on the merits or enters into a court supervised consent decree, 121 S. Ct. at 1840 n. 7, we are not bound by that dictum, particularly when it

ization, however, was itself dictum as the settlement in *Barrios* was clearly judicially enforceable.[6] *Id.* ("Given that Barrios can enforce the terms of the settlement agreement against the [defendants], the district court correctly concluded that Barrios was the 'prevailing party' in his civil rights litigation.").

The suggestion that we have declined to accept the definition of "prevailing party" as requiring some judicial *imprimatur* is foreclosed by our decision in *Carbonell*, 429 F.3d 894. In *Carbonell*, the plaintiff appealed from the district court's denial of attorneys' fees under the Equal Access to Justice Act, contending that he qualified as a prevailing party because he had obtained a court order incorporating a voluntary stipulation which awarded him a substantial portion of the relief he sought. *Id.* at 895. The district court denied attorneys' fees, citing *Buckhannon. Id.* at 898.

We vacated and remanded. We held that under *Buckhannon*, for a litigant to be a "prevailing party" for the purpose of awarding attorneys' fees, he must meet two criteria: "he must achieve a 'material alteration of the legal relationship of the parties,'" and "that alteration must be 'judicially sanctioned.'" *Id.* at 898 (quoting *Buckhannon*, 532 U.S. at 604-05). We rejected any overly narrow interpretation of "judicial action sufficient to convey prevailing party status," *id.*, but concluded:

---

> runs contrary to this court's holding in *Fischer*[ *v. SJB-P.D., Inc.*, 214 F.3d 1115 (9th Cir. 2000)], by which we are bound. Moreover, the parties, in their settlement, agreed that the district court would retain jurisdiction over the issue of attorneys' fees, thus providing sufficient judicial oversight to justify an award of attorneys' fees and costs.

*Barrios*, 277 F.3d at 1134 n.5.

[6]The thrust of our opinion in *Barrios* was that the district court had erred in concluding that the benefits Barrios obtained in the settlement agreement were *de minimis. Id.* at 1137.

> [I]n recognizing that a litigant can "prevail" for the purpose of awarding attorney's fees as a result of judicial action other than a judgment on the merits or a consent decree (*provided that such action has sufficient "judicial imprimatur"*), this court is in agreement with the vast majority of other circuits that have considered this issue since *Buckhannon*.

*Id.* at 899 (emphasis added).

In support of our conclusion we cited *Pres. Coal. v. Fed. Transit Admin.,* 356 F.3d 444, 452 (2d Cir. 2004) ("*Buckhannon* does not limit fee awards to enforceable judgments on the merits or to consent decrees."), *LaGrange*, 349 F.3d at 478 ("*Buckhannon* held that to be a 'prevailing party' a litigant must have obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief."), *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 165 (3d Cir. 2002) ("We do not agree with the District Court's conclusion that the parties' *settlement* was an inappropriate basis for an award of attorney's fees." (emphasis in original)), *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) ("[T]he district court['s interpretation of] *Buckhannon* to stand for the proposition that a plaintiff could be a 'prevailing party' *only* if it achieved one of those two results . . . is overly narrow."), and *Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002) ("We doubt that the Supreme Court's guidance in *Buckhannon* was intended to be interpreted so restrictively as to require that the words 'consent decree' be used explicitly.").

**[6]** Thus, although there may remain some uncertainty as to what might constitute a "judicial *imprimatur*," the existence of some judicial sanction is a prerequisite in this circuit for a determination that a plaintiff is a "prevailing party" and entitled to an award of attorneys' fees as part of costs under the IDEA.

Again, our position is in accord with the position taken by our sister circuits. The First Circuit noted that at the core of the Supreme Court's reasoning was the concept of judicial *imprimatur* without which "a federal court may be unable to retain jurisdiction so it can oversee execution of the settlement." *Doe*, 358 F.3d at 24. The Third Circuit observed that the *Buckhannon* court "concluded that in order to be a 'prevailing party,' a party must be 'successful' in the sense that it has been awarded some relief by a *court*." *John T.*, 318 F.3d at 556 (emphasis in original). The Seventh Circuit has held that central to *Buckhannon*'s conclusion "was its finding that the term 'prevailing party' was 'a legal term of art' which signified that the party had been granted relief by a court." *LaGrange*, 349 F.3d at 474.

### D.   There is no judicial imprimatur of the settlement agreement

[7] Although P.N. can show the material alteration necessary to meet the first prong of the prevailing party test, the settlement agreement did not receive any judicial *imprimatur*. The document is entitled "Settlement Agreement and Waiver and Release of Claims," and does not appear to contemplate any judicial enforcement. The agreement does reserve "any issue of attorneys' fees and costs." This matter, however, was not referred to any court, but was "left for resolution by methods other than by this Agreement and Release." Thus, when P.N. filed this action two weeks after the administrative law judge dismissed the due process proceeding, there was nothing that could be construed as a "judicial sanction" of the agreement and nothing to suggest that any judicial *imprimatur* was contemplated.[7]

---

[7]There is language in *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848 (3d Cir. 2006), indicating that a consent decree entered by an administrative law judge may meet the judicial *imprimatur* prong of "prevailing party," at least where the consent order is "enforceable through an action under 28 U.S.C. § 1983 and under state law." *Id.* at 854-55. We need not con-

V

**[8]** Through the IDEA, P.N. secured some special education benefits for her child from SSD. Accordingly, P.N. meets the first prong of the test for prevailing party; P.N. achieved a material alteration of the legal relationship of the parties. However, P.N. resolved her differences with SSD through a settlement agreement and there is nothing in the record that we can construe as a judicial sanction of that agreement. Accordingly, we are constrained by the Supreme Court's opinion in *Buckhannon*, and our decisions in *Carbonell* and *Shapiro*, to hold that P.N. is not a "prevailing party" as that term is used in 20 U.S.C. § 1415(i)(3)(B), and thus not entitled under that statute to attorneys' fees as part of costs. The district court's dismissal of P.N.'s action is

**AFFIRMED**.

---

sider the Third Circuit's approach as here the settlement agreement was only signed by the parties and no consent decree was entered by any administrative law judge or hearing officer. We further note that 20 U.S.C. § 1415 was amended subsequent to the underlying events in this case. We have no occasion to consider whether these amendments alter the statutory requirements for an award of attorneys' fees under the IDEA.