FILED

NOT FOR PUBLICATION

SEP 16 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; et al., | No. 10-35045 |
| Plaintiffs - Appellees, | D.C. No. 2:04-cv-00256-LRS |
| STATE OF WASHINGTON, | |
| Plaintiff-intervenor - Appellee, | MEMORANDUM* |
| v. | |
| TECK COMINCO METALS, LTD., a Canadian corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted August 9, 2011**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: ALARCÓN, KLEINFELD, and CLIFTON, Circuit Judges.

We previously published two opinions in the underlying case, <u>Pakootas v. Teck Cominco Metals, Ltd.</u>, 452 F.3d 1066 (9th Cir. 2006), and <u>Pakootas v. Teck Cominco Metals, Ltd</u>, 646 F.3d 1214 (9th Cir. 2011). We now address a separate appeal, from an award of attorney's fees in the underlying case.[1]

Teck Cominco Metals Ltd. appeals the district court's grant of attorney's fees to Pakootas, Michel, and the State of Washington under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

The district court awarded attorney's fees based on 42 U.S.C. § 9659(f), which applies specifically to CERCLA citizen suits. Section 9659(f) provides:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs or litigation (including reasonable attorney and expert witness fees) to the <u>prevailing or the substantially prevailing party</u> whenever the court determines such an award is appropriate.

---

[1] This panel assumed jurisdiction of this appeal November 19, 2010, but the briefs preceded our decision on the merits of the underlying case. We ordered supplemental briefing to address the effect of our decision on the merits. The supplemental briefs were filed August 8 and 9, 2011.

Id. (emphasis added). "We review a district court's determination regarding 'prevailing party' status de novo, as '[t]he question of whether a judgment has materially altered the legal relationship of the parties is a legal one.'" La Asociacion de Trabajadores v. City of Lake Forest, 624 F.3d 1083, 1089 (9th Cir. 2010).

"[F]or a litigant to be a 'prevailing party' for the purpose of awarding attorneys' fees, he must meet two criteria: he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1172 (9th Cir. 2007) (internal quotation marks omitted). In Saint John's Organic Farm v. Gem County Mosquito, we articulated "three conditions necessary" for prevailing party status based on a settlement agreement between the parties to the litigation: "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [plaintiff's] claim." 574 F.3d 1054, 1059, 1061 (9th Cir. 2009).

Here, the district court concluded that a settlement agreement between Teck Cominco and the Environmental Protection Agency "materially altered the legal

relationship between Defendant and Plaintiffs Pakootas and Michel." But none of the plaintiffs in this case were parties to the settlement agreement between Teck Cominco and the EPA. The settlement agreement was extrajudicial and was not incorporated into a court order. We have held that "a plaintiff 'prevails,' and thus is entitled to attorney's fees and costs, when *he or she* enters into a legally enforceable settlement agreement with the defendant." Richard S. v. Dep't of Developmental Servs., 317 F.3d 1080, 1086 (9th Cir. 2003) (emphasis added). We have explained that "[i]n these situations, the legal relationship is altered because *the plaintiff* can force the defendant to do something he otherwise would not have to do." Id. (emphasis added) (quoting Barrios v. Cal. Interscholastic Fed'n, 227 F.3d 1128, 1134 (9th Cir. 2002)).

The district court acknowledged that it and parties were "unable to find any case awarding fees to an individual or entity that, although a party to the litigation, is not a party to the settlement agreement." The settlement agreement between the defendant and a third party did not materially alter the legal relationship between the defendant and the plaintiffs, even if it may have produced a benefit to the non-settling plaintiffs. Unlike Barrios v. California Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002), plaintiffs were not parties to the settlement agreement.

The settlement agreement expressly provides that it creates no rights for "any person not a Party to this Agreement." Nor was the EPA, which settled with Teck Cominco, a party to the litigation. Plaintiffs abandoned their claims for declaratory and injunctive relief, and lost on their claims for civil penalties. The district court erred in granting attorney's fees to Pakootas, Michel, and the State of Washington because they did not achieve a material alteration of their legal relationship with Teck Cominco through litigation. Plaintiffs obtained no judicial or judicially sanctioned relief on any of their claims, so they are not "prevailing parties" for purposes of an attorney's fees award.

We reverse and remand so that the attorney's fees award may be vacated, and for such other relief as may be appropriate.

**REVERSED and REMANDED.**