

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD JONES; et al., | No. 11-56240 |
| Plaintiffs - Appellees, | D.C. No. 2:03-cv-01142-R-RNB |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 27, 2014[**]

Before: WARDLAW, CLIFTON, and CHRISTEN, Circuit Judges.

The City of Los Angeles appeals the district court's order awarding

attorneys' fees in the amount of $697,413.00 to Plaintiffs under 42 U.S.C. § 1988

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and California Code of Civil Procedure § 1021.5.[1]  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it ordered, reviewed, and

granted Plaintiffs' motion for attorneys' fees upon remand.  While the underlying

merits appeal was pending in our court, the parties reached a settlement agreement

conditioned upon our grant of the parties' joint motion to vacate the opinion we

had published, though the mandate had not issued.  We granted the motion,

dismissed the appeal, and remanded to the district court with instructions to

dismiss the underlying action with prejudice.  After that mandate issued, we

transferred Plaintiffs' motion for attorneys' fees to the district court on November

13, 2007.  The district court acted within its discretion when after spreading the

mandate, it ordered Plaintiffs to file their motion for attorneys' fees by October 6,

2008, which they timely did.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i) ("*Unless a statute*

*or a court order provides otherwise*, the motion [for attorneys' fees] must be filed

no later than 14 days after the entry of judgment") (emphasis added); *see also*

*Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996)

("[A] court can by order provide a different deadline.").

---

[1] Because the district court granted the entirety of the attorneys' fees based
on the federal claim, we do not address the issue of Plaintiffs' entitlement to fees
under California Code of Civil Procedure § 1021.5.

The district court's order issued under unusual circumstances: the district judge who was originally assigned to this case passed away before he spread the mandate. Months later, the Clerk of the Court reassigned this case to Judge Real who spread the mandate and ordered Plaintiffs to file their attorneys' fees motion. Under all of these circumstances, which certainly amount to good cause, the district court did not abuse its discretion by permitting Plaintiffs to file the attorneys' fee motion, regardless of which date the City believes is appropriately viewed as the date "final judgment" was entered.[2] Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.").[3]

Nor did the district court err by concluding that Plaintiffs were the "prevailing party" entitled to attorneys' fees under 42 U.S.C. § 1988. First, the resolution of this case materially altered the parties' legal relationship. *See P.N. v. Seattle Sch. Dist., No. 1*, 474 F.3d 1165, 1172 (9th Cir. 2007). Plaintiffs, who are

---

[2] Because the underlying action was settled and dismissed, no final judgment was entered.

[3] The City incorrectly contends that the district court lacked jurisdiction to award Plaintiffs' attorneys' fees for time spent on the merits appeal. We have never held that when we grant a motion to transfer consideration of attorneys' fees to the district court, a party must necessarily first file a separate request for appellate fees with us to transfer jurisdiction over those fees to the district court.

six homeless individuals living on the streets of Los Angeles's Skid Row, sued the City to enjoin the nighttime enforcement of Los Angeles Municipal Code § 41.18(d), which prohibited sitting, lying, or sleeping on any sidewalk, street, or other public way. *Jones v. City of L.A.*, 444 F.3d 1118, 1120 (9th Cir. 2006). We reversed the district court's grant of summary judgment in favor of the City, holding that § 41.18(d) violated the Eighth Amendment of the U.S. Constitution. *Id.* at 1138. We vacated and withdrew the *Jones* opinion, however, only after the parties entered a settlement agreement suspending the nighttime enforcement of § 41.18(d) and filed their joint motion. *See Jones v. City of L.A.*, 505 F.3d 1006 (9th Cir. 2007). Because the settlement agreement suspended the nighttime enforcement of § 41.18(d), Plaintiffs obtained the relief they sought and materially altered the legal relationship between themselves and the City. *See Carbonell v. INS*, 429 F.3d 894, 900 (9th Cir. 2005) (analyzing "prevailing party" under the Equal Access to Justice Act, which provides for the same standard as prevailing party under 42 U.S.C. § 1988).

Second, our approval of the settlement agreement was sufficient judicial imprimatur. *See Carbonell*, 429 F.3d at 901 (holding that when a court places its "stamp of approval on the relief obtained, that relief has the necessary judicial imprimatur to qualify a plaintiff as a prevailing party") (internal quotation marks

4

omitted). By its terms, the settlement agreement was "void in its entirety" unless we granted the parties' joint motion to vacate the *Jones* opinion and remand to the district court for dismissal. Because vacatur is an "extraordinary remedy" and judicial opinions "should stand unless a court concludes that the public interest would be served by a vacatur," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal quotation marks omitted), by granting the parties' joint motion, we judicially sanctioned the settlement agreement which incorporated the specific relief we had ordered. Therefore, Plaintiffs are entitled to attorneys' fees as the prevailing party under 42 U.S.C. § 1988, *see also Lavan v. City of L.A.*, 693 F.3d 1022, 1024-25 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2855 (2013) ("Appellees occupy the sidewalks of Skid Row pursuant to a settlement agreement *we approved* in 2007.") (emphasis added).[4]

**AFFIRMED.**

---

[4] We may take judicial notice of court filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Thus, we grant the parties' separate requests for judicial notice of matters of record in other judicial proceedings.