UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; et al., <br><br> Plaintiffs - Appellees, <br><br> STATE OF WASHINGTON, <br><br> Plaintiff-intervenor - Appellee, <br><br> v. <br><br> TECK COMINCO METALS, LTD., a Canadian corporation, <br><br> Defendant - Appellant. | No. 10-35045 <br><br> D.C. No. 2:04-cv-00256-LRS Eastern District of Washington, Spokane <br><br> ORDER |

Before: ALARCÓN, KLEINFELD, and CLIFTON, Circuit Judges.

The memorandum disposition filed on September 16, 2013, is hereby amended. The amended memorandum disposition is filed concurrently with this order.

With these amendments, the panel has voted to deny the petitions for rehearing. Judge Clifton voted to deny the petitions for rehearing en banc. Judge

Alarcón and Judge Kleinfeld have recommended the same. The full court has been advised of the petitions for rehearing en banc and no judge has requested a vote on whether to rehear this disposition en banc. Fed. R. App. P. 35.

The petitions for rehearing and petitions for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc will be accepted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; et al., <br><br> Plaintiffs - Appellees, <br><br> STATE OF WASHINGTON, <br><br> Plaintiff-intervenor - Appellee, <br><br> v. <br><br> TECK COMINCO METALS, LTD., a Canadian corporation, <br><br> Defendant - Appellant. | No. 10-35045 <br><br> D.C. No. 2:04-cv-00256-LRS <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted August 9, 2011[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: ALARCÓN, KLEINFELD, and CLIFTON, Circuit Judges.

We previously published two opinions in the underlying case, <u>Pakootas v. Teck Cominco Metals, Ltd.</u>, 452 F.3d 1066 (9th Cir. 2006), and <u>Pakootas v. Teck Cominco Metals, Ltd</u>, 646 F.3d 1214 (9th Cir. 2011).  We now address a separate appeal, from an award of attorney's fees in the underlying case.[1]

Teck Cominco Metals Ltd. appeals the district court's grant of attorney's fees to Pakootas, Michel, and the State of Washington under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

The district court awarded attorney's fees based on 42 U.S.C. § 9659(f), which applies specifically to CERCLA citizen suits.  Section 9659(f) provides:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs or litigation (including reasonable attorney and expert witness fees) to the <u>prevailing or the substantially prevailing party</u> whenever the court determines such an award is appropriate.

---

[1]  This panel assumed jurisdiction of this appeal November 19, 2010, but the briefs preceded our decision on the merits of the underlying case.  We ordered supplemental briefing to address the effect of our decision on the merits.  The supplemental briefs were filed August 8 and 9, 2011.

Id. (emphasis added). "We review a district court's determination regarding 'prevailing party' status de novo." La Asociacion de Trabajadores v. City of Lake Forest, 624 F.3d 1083, 1089 (9th Cir. 2010).

"[F]or a litigant to be a 'prevailing party' for the purpose of awarding attorneys' fees, he must meet two criteria: he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1172 (9th Cir. 2007) (internal quotation marks omitted). In Saint John's Organic Farm v. Gem County Mosquito, we articulated "three conditions necessary" for prevailing party status based on a settlement agreement between the parties to the litigation: "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [plaintiff's] claim." 574 F.3d 1054, 1059, 1061 (9th Cir. 2009).

Here, the district court concluded that a settlement agreement between Teck Cominco and the Environmental Protection Agency "materially altered the legal relationship between Defendant and Plaintiffs Pakootas and Michel." But none of the plaintiffs in this case were parties to the settlement agreement between Teck

3

Cominco and the EPA, an agreement that was extrajudicial and was not incorporated into a court order. We have held that a plaintiff prevails where "*the plaintiff* can force the defendant to do something he otherwise would not have to do." Richard S. v. Dep't of Developmental Servs., 317 F.3d 1080, 1086 (9th Cir. 2003) (emphasis added) (quoting Barrios v. Cal. Interscholastic Fed'n, 227 F.3d 1128, 1134 (9th Cir. 2002)).

Here, although the settlement agreement between the defendant and EPA may have produced a benefit for the plaintiffs, it did not materially alter the legal relationship between the defendant and the plaintiffs with any judicial imprimatur. The settlement agreement was never filed with the district court, nor were its terms incorporated into any court order. The agreement did provide that Teck Cominco, a Canadian corporation, consented to personal jurisdiction in the Eastern District of Washington, but only for an action brought by EPA. The agreement did not result in a consent decree. The district court did not retain any supervisory authority over the agreement or provide plaintiffs with any ability to enforce it. The settlement agreement itself specifically provided that it did not "grant any cause of action to or establish a basis for jurisdiction in local, state or federal courts in the United States for, any person not a Party to this Agreement." As a result, Pakootas,

4

Michel, and the State of Washington cannot force Teck Cominco to do anything. The district court thus erred in granting attorney's fees to Pakootas, Michel, and the State of Washington.

We reverse and remand so that the attorney's fees award may be vacated, and for such other relief as may be appropriate.

**REVERSED and REMANDED.**