UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD JONES; et al.,<br><br>　　　　　Plaintiffs - Appellees,<br><br>　v.<br><br>CITY OF LOS ANGELES; et al.,<br><br>　　　　　Defendants - Appellants. | No. 11-56240<br><br>D.C. No. 2:03-cv-01142-R-RNB<br>Central District of California,<br>Los Angeles<br><br><br>ORDER AMENDING<br>MEMORANDUM DISPOSITION<br>AND DENYING PETITIONS<br>FOR REHEARING AND<br>REHEARING EN BANC |

Before: WARDLAW, CLIFTON, and CHRISTEN, Circuit Judges.

The memorandum disposition filed January 31, 2014, is amended as follows:

At page five, the period at the end of the second sentence is deleted and the following is inserted in its place:

> , *see Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (noting that "court-approved actions will suffice [as judicial imprimatur], provided they entail a judicial determination that the claims on which the plaintiff obtains relief are potentially meritorious").

With this amendment, the panel has unanimously voted to deny the petition for rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear this matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.

**IT IS SO ORDERED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



EDWARD JONES; et al.,

        Plaintiffs - Appellees,

  v.

CITY OF LOS ANGELES; et al.,

        Defendants - Appellants.

No. 11-56240

D.C. No. 2:03-cv-01142-R-RNB

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 27, 2014[**]
Pasadena, California

Before: WARDLAW, CLIFTON, and CHRISTEN, Circuit Judges.

    The City of Los Angeles appeals the district court's order awarding

attorneys' fees in the amount of $697,413.00 to Plaintiffs under 42 U.S.C. § 1988

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and California Code of Civil Procedure § 1021.5.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it ordered, reviewed, and granted Plaintiffs' motion for attorneys' fees upon remand.  While the underlying merits appeal was pending in our court, the parties reached a settlement agreement conditioned upon our grant of the parties' joint motion to vacate the opinion we had published, though the mandate had not issued.  We granted the motion, dismissed the appeal, and remanded to the district court with instructions to dismiss the underlying action with prejudice.  After that mandate issued, we transferred Plaintiffs' motion for attorneys' fees to the district court on November 13, 2007.  The district court acted within its discretion when after spreading the mandate, it ordered Plaintiffs to file their motion for attorneys' fees by October 6, 2008, which they timely did.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i) ("*Unless a statute or a court order provides otherwise*, the motion [for attorneys' fees] must be filed no later than 14 days after the entry of judgment") (emphasis added); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) ("[A] court can by order provide a different deadline.").

---

[1] Because the district court granted the entirety of the attorneys' fees based on the federal claim, we do not address the issue of Plaintiffs' entitlement to fees under California Code of Civil Procedure § 1021.5.

2

The district court's order issued under unusual circumstances: the district judge who was originally assigned to this case passed away before he spread the mandate. Months later, the Clerk of the Court reassigned this case to Judge Real who spread the mandate and ordered Plaintiffs to file their attorneys' fees motion. Under all of these circumstances, which certainly amount to good cause, the district court did not abuse its discretion by permitting Plaintiffs to file the attorneys' fee motion, regardless of which date the City believes is appropriately viewed as the date "final judgment" was entered.[2]  Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.").[3]

Nor did the district court err by concluding that Plaintiffs were the "prevailing party" entitled to attorneys' fees under 42 U.S.C. § 1988. First, the resolution of this case materially altered the parties' legal relationship. *See P.N. v. Seattle Sch. Dist., No. 1*, 474 F.3d 1165, 1172 (9th Cir. 2007). Plaintiffs, who are

_____

[2] Because the underlying action was settled and dismissed, no final judgment was entered.

[3] The City incorrectly contends that the district court lacked jurisdiction to award Plaintiffs' attorneys' fees for time spent on the merits appeal. We have never held that when we grant a motion to transfer consideration of attorneys' fees to the district court, a party must necessarily first file a separate request for appellate fees with us to transfer jurisdiction over those fees to the district court.

3

six homeless individuals living on the streets of Los Angeles's Skid Row, sued the City to enjoin the nighttime enforcement of Los Angeles Municipal Code § 41.18(d), which prohibited sitting, lying, or sleeping on any sidewalk, street, or other public way. *Jones v. City of L.A.*, 444 F.3d 1118, 1120 (9th Cir. 2006). We reversed the district court's grant of summary judgment in favor of the City, holding that § 41.18(d) violated the Eighth Amendment of the U.S. Constitution. *Id.* at 1138. We vacated and withdrew the *Jones* opinion, however, only after the parties entered a settlement agreement suspending the nighttime enforcement of § 41.18(d) and filed their joint motion. *See Jones v. City of L.A.*, 505 F.3d 1006 (9th Cir. 2007). Because the settlement agreement suspended the nighttime enforcement of § 41.18(d), Plaintiffs obtained the relief they sought and materially altered the legal relationship between themselves and the City. *See Carbonell v. INS*, 429 F.3d 894, 900 (9th Cir. 2005) (analyzing "prevailing party" under the Equal Access to Justice Act, which provides for the same standard as prevailing party under 42 U.S.C. § 1988).

Second, our approval of the settlement agreement was sufficient judicial imprimatur. *See Carbonell*, 429 F.3d at 901 (holding that when a court places its "stamp of approval on the relief obtained, that relief has the necessary judicial imprimatur to qualify a plaintiff as a prevailing party") (internal quotation marks

4

omitted).  By its terms, the settlement agreement was "void in its entirety" unless we granted the parties' joint motion to vacate the *Jones* opinion and remand to the district court for dismissal.  Because vacatur is an "extraordinary remedy" and judicial opinions "should stand unless a court concludes that the public interest would be served by a vacatur," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal quotation marks omitted), by granting the parties' joint motion, we judicially sanctioned the settlement agreement which incorporated the specific relief we had ordered, *see Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (noting that "court-approved actions will suffice [as judicial imprimatur], provided they entail a judicial determination that the claims on which the plaintiff obtains relief are potentially meritorious").  Therefore, Plaintiffs are entitled to attorneys' fees as the prevailing party under 42 U.S.C. § 1988, *see also Lavan v. City of L.A.*, 693 F.3d 1022, 1024-25 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2855 (2013) ("Appellees occupy the sidewalks of Skid

Row pursuant to a settlement agreement *we approved* in 2007.") (emphasis added).[4]

**AFFIRMED.**

---

[4] We may take judicial notice of court filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Thus, we grant the parties' separate requests for judicial notice of matters of record in other judicial proceedings.