**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



THE INDIGO GROUP USA, INC., a
California corporation,

          Plaintiff-counter-
          defendant-Appellant,

  v.

POLO RALPH LAUREN
CORPORATION, a Delaware corporation,

          Defendant-counter-claimant-
          Appellee.

No. 14-55579

DC No. 11-5883 MWF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted January 7, 2019[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:     TASHIMA and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

Plaintiff-Appellant Indigo Group USA, Inc. ("Indigo") appeals the district court's denial of Indigo's motion for attorneys' fees, arguing that the district court erred when it determined that the indemnity provisions in Exhibits 2 and 9 to the Vendor Compliance Packet ("VCP") do not contain attorney's fees clauses that cover disputes between the contracting parties. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo "any elements of legal analysis and statutory interpretation underlying the district court's attorneys' fees decision." *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1168 (9th Cir. 2007). We affirm.

We interpret the VCP under New York law, which directs that we "should not infer a party's intention to waive the benefit of the rule" that parties are responsible for their own attorneys' fees "unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989) (citations omitted). "In applying this standard of unmistakeable clarity, the courts have generally declined to infer indemnification obligations arising from an indemnitee/indemnitor suit if the contractual language does not expressly refer to or explicitly contemplate such

[***]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

circumstances and the context does not suggest that the contracting parties were specifically concerned with prospective litigation between themselves." *Luna v. Am. Airlines*, 769 F. Supp. 2d 231, 244 (S.D.N.Y. 2011) (construing and applying New York law).

1.      Exhibit 2 does not explicitly reference attorneys' fees in litigation between the parties, and its language can fairly be read as an indemnity provision against third party claims. *See, e.g.*, *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 21 (2d Cir. 1996) (holding that intraparty fees are not indemnified where the indemnification clause is not "unmistakably clear" that it covers attorneys' fees in a breach-of-contract action and "may easily be read as limited to third party actions"). Accordingly, the district court correctly ruled that Indigo had not rebutted the "presumption against a finding of indemnification of attorney fees in a suit between the contracting parties," and that Indigo was therefore not entitled to attorneys' fees under Exhibit 2. *See Krys v. Aaron (In re Refco Sec. Litig.)*, 890 F. Supp. 2d 332, 341 (S.D.N.Y. 2012); *Luna*, 769 F. Supp. 2d at 245 ("[I]f the contracting parties could have anticipated that they would be subject to third-party claims, courts apply a presumption against concluding that their indemnification clause covers litigation costs incurred in the course of resolving claims between those contracting parties." (citations omitted)).

**2.** As with Exhibit 2, the language in Exhibit 9 does not communicate an "unmistakably clear" intent to cover attorneys' fees between the contracting parties. *See Hooper*, 548 N.E.2d at 905. In fact, Exhibit 9 explicitly contemplates indemnification limited to third party claims, and even then it does not cover the type of claims at issue here because Indigo's claims are not related to the resale or use of merchandise. *See id.* (finding no intraparty fees clause where "agreement d[id] not contain language clearly permitting plaintiff to recover from defendant the attorney's fees incurred in a suit against defendant" but rather was "typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim"). The district court correctly found that the indemnification provision in Exhibit 9 does not extend to litigation between the contracting parties and does not cover the type of claims at issue in this case.

• ● •

The district court correctly ruled that Indigo is not entitled to recover attorneys' fees under either Exhibit 2 or Exhibit 9 to the VCP.

**AFFIRMED.**